CLOSED,APPEAL

# U.S. District Court
# DISTRICT OF KANSAS (Wichita)
# CRIMINAL DOCKET FOR CASE #: 6:13–cr–10004–MLB–1

Case title: USA v. Bong

Date Filed: 01/08/2013
Date Terminated: 11/18/2013

Assigned to: District Judge Monti L. Belot

Appeals court case number: 13–3301 10CCA

**Defendant (1)**

| | |
|---|---|
| **Troy A. Bong**<br>*TERMINATED: 11/18/2013* | represented by **Steven Kent Gradert**<br>Office of Federal Public Defender – Wichita<br>850 Epic Center<br>301 North Main Street<br>Wichita, KS 67202<br>316–269–6445 ext 6298<br>Fax: 316–269–6175<br>Email: steve_gradert@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment*<br>*Bar Status: Active* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:922(g)(1) Prohibited person in possession of a firearm (INDICTMENT 1/8/13) (1) | 293 Months Imprisonment (sentence to run concurrent to any sentence imposed by the State of Kansas); 3 Years Supervised Release; $100 Assessment; Fine is Waived |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

1

**Complaints**                                            **Disposition**

None

**Plaintiff**

**USA**                                    represented by   **Debra L. Barnett**
                                                            Office of United States Attorney – Wichita
                                                            301 North Main Street, Suite #1200
                                                            Wichita, KS 67202–4812
                                                            316–269–6481
                                                            Fax: 316–269–6484
                                                            Email: Debra.Barnett@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Bar Status: Active*

                                                            **Michelle A. Jacobs**
                                                            Office of United States Attorney – Wichita
                                                            301 North Main Street, Suite #1200
                                                            Wichita, KS 67202–4812
                                                            316–269–6481
                                                            Email: michelle.jacobs@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/08/2013 | 1 | 9 | INDICTMENT as to Troy A. Bong (1) count(s) 1. (alm) (Entered: 01/09/2013) |
| 01/25/2013 | 2 | | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Troy A. Bong. (Jacobs, Michelle) (Entered: 01/25/2013) |
| 01/28/2013 | 3 | | ORDER granting 2 Motion for Writ of Habeas Corpus ad prosequendum as to Troy A. Bong (1). Signed by Magistrate Judge Kenneth G. Gale on 1/28/2013. (alm) (Entered: 01/28/2013) |
| 01/28/2013 | 4 | | WRIT OF HABEAS CORPUS AD PROSEQUENDUM ISSUED as to Troy A. Bong to appear forthwith. (alm) (Entered: 01/28/2013) |
| 02/04/2013 | 5 | | ENTRY OF APPEARANCE: by attorney Steven K. Gradert appearing for Troy A. Bong (Gradert, Steven) (Entered: 02/04/2013) |
| 02/04/2013 | | | ARREST of Troy A. Bong. (alm) (Entered: 02/04/2013) |
| 02/04/2013 | 6 | | MINUTE ENTRY for proceedings held before Magistrate Judge Karen M. Humphreys: RULE 5/INITIAL APPEARANCE as to Troy A. Bong held on 2/4/2013. Arraignment set for 2/8/2012 at 01:30 PM in Courtroom 326 (KMH) before Magistrate Judge Karen M. Humphreys. Detention Hearing set |

| | | | |
|---|---|---|---|
| | | | for 2/8/2012 at 01:30 PM in Courtroom 326 (KMH) before Magistrate Judge Karen M. Humphreys. (Tape #1:32–1:34; 1:44–1:46.) (alm) (Entered: 02/04/2013) |
| 02/04/2013 | 7 | | CJA 23 FINANCIAL AFFIDAVIT by Troy A. Bong. (alm) (Entered: 02/04/2013) |
| 02/04/2013 | 8 | | ORDER OF TEMPORARY DETENTION as to Troy A. Bong. Signed by Magistrate Judge Karen M. Humphreys on 2/4/2013. (alm) (Entered: 02/04/2013) |
| 02/05/2013 | 9 | | GENERAL ORDER OF DISCOVERY &SCHEDULING as to Troy A. Bong. Jury Trial set for 4/9/2013 at 09:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. Status Conference set for 4/1/2013 at 10:45 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. Signed by District Judge Monti L. Belot on 2/5/2013. (sbw) (Entered: 02/05/2013) |
| 02/05/2013 | 10 | | ARREST WARRANT returned executed on 2/4/2013 as to Troy A. Bong (smg) (Entered: 02/07/2013) |
| 02/08/2013 | 11 | | MINUTE ENTRY for proceedings held before Magistrate Judge Karen M. Humphreys: DETENTION HEARING as to Troy A. Bong held on 2/8/2013. ARRAIGNMENT as to Troy A. Bong (1) Count 1 held on 2/8/2013. Defendant waived the right to a detention hearing. The Court accepted the waiver and sustained the Government motion for detention. Defendant's next appearance per the Scheduling Order before Judge Belot. (Tape #2:03–2:07.) (alm) (Entered: 02/11/2013) |
| 02/08/2013 | 12 | | WAIVER OF DETENTION HEARING by Troy A. Bong. (alm) (Entered: 02/11/2013) |
| 03/22/2013 | 13 | | MOTION to Continue Pretrial Motion Deadline, Status Conference/Plea Hearing and Jury Trial by Troy A. Bong. (Gradert, Steven) (Entered: 03/22/2013) |
| 03/22/2013 | 14 | | ORDER TO CONTINUE granting 13 Motion to Continue. Jury Trial continued to 5/14/2013 at 09:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. Status Conference continued to 5/6/2013 at 01:30 PM in Courtroom 161 (MLB) before District Judge Monti L. Belot. Pre–trial motions due by 4/24/2013. Signed by District Judge Monti L. Belot on 3/22/2013. (aa) (Entered: 03/22/2013) |
| 05/06/2013 | | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: STATUS CONFERENCE as to Troy A. Bong held on 5/6/2013. (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 05/06/2013) |
| 05/07/2013 | 15 | 11 | MOTION to Suppress *Evidence and Brief* by Troy A. Bong. (Gradert, Steven) (Entered: 05/07/2013) |
| 05/08/2013 | 16 | | NOTICE OF HEARING ON MOTION as to Troy A. Bong. THIS IS AN OFFICIAL NOTICE FOR THIS HEARING 15 MOTION to Suppress *Evidence and Brief* : (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Motion Hearing set for 5/14/2013 at 02:00 PM in Courtroom 161 (MLB) before District Judge Monti L. Belot. (rs) |

| | | | |
|---|---|---|---|
| | | | (Entered: 05/08/2013) |
| 05/13/2013 | 17 | 20 | RESPONSE TO MOTION by USA as to Troy A. Bong re 15 MOTION to Suppress *Evidence and Brief and Memorandum In Support* (Jacobs, Michelle) (Entered: 05/13/2013) |
| 05/14/2013 | | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: MOTION HEARING as to Troy A. Bong held on 5/14/2013. (Witness: Robert Thatcher) (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 05/14/2013) |
| 06/12/2013 | 18 | 28 | MEMORANDUM AND ORDER denying 15 Motion to Suppress as to Troy A. Bong (1). Signed by District Judge Monti L. Belot on 6/12/2013. (alm) (Entered: 06/12/2013) |
| 06/12/2013 | 19 | | NOTICE OF HEARING as to Defendant Troy A. Bong THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Jury Trial set for 7/2/2013 at 09:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. Status Conference set for 6/24/2013 at 03:00 PM in Courtroom 161 (MLB) before District Judge Monti L. Belot. (rs) (Entered: 06/12/2013) |
| 06/24/2013 | 20 | | NOTICE OF HEARING as to Defendant Troy A. Bong THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Change of Plea Hearing set for 7/8/2013 at 11:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. (rs) (Entered: 06/24/2013) |
| 06/24/2013 | 21 | | NOTICE OF CANCELLED HEARING: Status conference set for June 24 and jury trial set on July 2 as to Defendant Troy A. Bong cancelled. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 06/24/2013) |
| 07/08/2013 | 22 | | MOTION to Continue Status Conference/Plea Hearing and Jury Trial by Troy A. Bong. (Gradert, Steven) (Entered: 07/08/2013) |
| 07/11/2013 | 23 | | ORDER granting 22 Motion to Continue as to Troy A. Bong (1). Status Conference/Change of Plea Hearing set for 7/22/2013 at 10:15 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. Jury Trial set for 8/6/2013 at 09:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. Signed by District Judge Monti L. Belot on 7/11/2013. (alm) (Entered: 07/11/2013) |
| 07/22/2013 | | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: STATUS CONFERENCE as to Troy A. Bong held on 7/22/2013. (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 07/22/2013) |
| 07/23/2013 | 24 | | ORDER TO CONTINUE pursuant to 18:3161 as to Troy A. Bong: Jury Trial set for 8/20/2013 at 09:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. Signed by District Judge Monti L. Belot on 7/23/2013. (alm) (Entered: 07/23/2013) |
| 08/16/2013 | 25 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF HEARING as to Defendant Troy A. Bong THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Jury Trial RESET for 8/21/2013 at 09:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. (rs) (Entered: 08/16/2013) |
| 08/16/2013 | 26 | 34 | MOTION in Limine by USA as to Troy A. Bong. (Jacobs, Michelle) (Entered: 08/16/2013) |
| 08/16/2013 | 27 | 38 | NOTICE OF INTENT TO INTRODUCE EVIDENCE by USA as to Troy A. Bong (Jacobs, Michelle) (Entered: 08/16/2013) |
| 08/20/2013 | 28 | | PROPOSED JURY INSTRUCTIONS by USA as to Troy A. Bong (Jacobs, Michelle) (Entered: 08/20/2013) |
| 08/23/2013 | 29 | 42 | JURY INSTRUCTIONS as to Troy A. Bong. (alm) (Entered: 08/23/2013) |
| 08/23/2013 | 30 | | MINUTE ORDER as to Troy A. Bong: The Court orders that lunch be provided by the Clerk to the jury members during their deliberation. Signed by deputy clerk on 8/23/2013. (alm) (Entered: 08/23/2013) |
| 08/23/2013 | 31 | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: JURY TRIAL as to Troy A. Bong held on 8/23/2013. Verdict of guilty to Count 1. The Government's exhibits were returned to the Government. The Defendant's exhibits were returned to defense counsel. (Court Reporter Cindy Schwemmer.) (alm) (Entered: 08/23/2013) |
| 08/23/2013 | 33 | | EXHIBIT LIST as to Troy A. Bong. (alm) (Entered: 08/26/2013) |
| 08/23/2013 | 34 | | WITNESS LIST as to Troy A. Bong. (alm) (Entered: 08/26/2013) |
| 08/23/2013 | 35 | 75 | JURY VERDICT as to Troy A. Bong (1): Guilty on Count 1. (alm) (Additional attachment(s) added on 8/26/2013: #1 **VIEWING RESTRICTED** Unredacted Jury Verdict) (alm). (Entered: 08/26/2013) |
| 08/26/2013 | 32 | | NOTICE OF HEARING as to Defendant Troy A. Bong THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Sentencing set for 11/18/2013 at 10:00 AM in Courtroom 161 (MLB) before District Judge Monti L. Belot. (rs) (Entered: 08/26/2013) |
| 11/01/2013 | 36 | | PRESENTENCE INVESTIGATION REPORT as to Troy A. Bong<br><br>(NOTE: Access to this document is restricted to the USA and this defendant.)<br><br>(USPO) (Entered: 11/01/2013) |
| 11/15/2013 | 37 | 77 | SENTENCING MEMORANDUM by Troy A. Bong (Gradert, Steven) (Entered: 11/15/2013) |
| 11/15/2013 | 38 | 82 | RESPONSE TO Sentencing Memorandum by USA as to Troy A. Bong (Jacobs, Michelle) (Entered: 11/15/2013) |
| 11/18/2013 | 39 | | MINUTE ENTRY for proceedings held before District Judge Monti L. Belot: SENTENCING HEARING held on 11/18/2013 as to defendant Troy A. Bong. (Court Reporter Cindy Schwemmer.) (This is a TEXT ENTRY ONLY. |

| | | | |
|---|---|---|---|
| | | | There is no.pdf document associated with this entry.) (ml) (Entered: 11/18/2013) |
| 11/18/2013 | 40 | 88 | JUDGMENT as to Troy A. Bong (1): Count 1 = 293 Months Imprisonment (sentence to run concurrent to any sentence imposed by the State of Kansas); 3 Years Supervised Release; $100 Assessment; Fine is Waived. Signed by District Judge Monti L. Belot on 11/18/2013. (aa) (Entered: 11/18/2013) |
| 11/18/2013 | 41 | | STATEMENT OF REASONS as to Troy A. Bong re 40 Judgment. **(NOTE: Access to this document is restricted to the USA and this defendant.)** (aa) (Entered: 11/18/2013) |
| 11/27/2013 | 42 | 94 | NOTICE OF APPEAL TO 10CCA as to defendant Troy Bong re 40 Judgment, (Gradert, Steven) (Entered: 11/27/2013) |
| 11/27/2013 | | | APPEAL FEE STATUS: filing fee WAIVED re: 42 Notice of Appeal – Final Judgment on behalf of Defendant Troy A. Bong. (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (alm) (Entered: 11/27/2013) |
| 11/27/2013 | 43 | | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA as to Troy A. Bong re 42 Notice of Appeal – Final Judgment. (Attachments: # 1 Preliminary Packet)(alm) (Entered: 11/27/2013) |
| 11/27/2013 | 44 | | APPEAL DOCKETED in 10CCA on 11/27/13 and assigned Appeal No. 13–3301 re 42 Notice of Appeal – Final Judgment filed by Troy A. Bong. (alm) (Entered: 12/03/2013) |
| 12/10/2013 | 45 | | DESIGNATION OF RECORD ON APPEAL by Troy A. Bong re 42 Notice of Appeal – Final Judgment ( Appeal No. 13–3301) (Attachments: # 1 Circled Criminal Docket Sheet)(Gradert, Steven) (Entered: 12/10/2013) |
| 12/10/2013 | 46 | | TRANSCRIPT ORDER FORM: Transcript Requested Suppression Hearing held 5–14–13; Jury Trial held August 21–23, 2013; Pre–Trial Hearing held at start of Jury Trial on 8–21–13 on Admissibility of 404(b) Evidence of Other Bad Acts re 42 Notice of Appeal – Final Judgment filed by Troy A. Bong (Attachments: # 1 Additional Page to Transcript Order Form)(Gradert, Steven) (Entered: 12/10/2013) |
| 12/23/2013 | 47 | | TRANSCRIPT ORDER FORM by Court Reporter Cindy Schwemmer ordering transcripts of Motion to Suppress held 5–14–13, Jury Trial held 8–21 through 8–23–2013 re 42 Notice of Appeal – Final Judgment filed by Troy A. Bong ( Appeal No. 13–3301) Transcript due by 1/23/2014. (Schwemmer, Cindy) (Entered: 12/23/2013) |
| 01/23/2014 | 48 | | TRANSCRIPT of Hearing on Motion to Suppress held 5/14/2013 as to Troy A. Bong before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Steve Gradert (FPD). **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of** |

| | | | |
|---|---|---|---|
| | | | **Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 4/23/2014. (Schwemmer, Cindy) (Entered: 01/23/2014) |
| 01/23/2014 | <u>49</u> | | TRANSCRIPT of Jury Trial held 8–21–2013 (pgs 1–126) as to Troy A. Bong before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Steve Gradert (FPD).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 4/23/2014. (Schwemmer, Cindy) (Entered: 01/23/2014) |
| 01/23/2014 | <u>50</u> | | TRANSCRIPT of Jury Trial held 8–22–2013 (pgs 127–247) as to Troy A. Bong before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Steve Gradert (FPD).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 4/23/2014. (Schwemmer, Cindy) (Entered: 01/23/2014) |

| 01/23/2014 | 51 | | TRANSCRIPT of Jury Trial held 8–22 AND 8–23–2013 (pgs 248 – 422 end) as to Troy A. Bong before Judge Belot, Court Reporter Cindy Schwemmer, 316–315–4354, cindy_schwemmer@ksd.uscourts.gov. Transcript purchased by: Steve Gradert (FPD).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.ksd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 4/23/2014. (Schwemmer, Cindy) (Entered: 01/23/2014) |
| 01/23/2014 | 52 | | CERTIFICATE OF FILING OF TRANSCRIPT of Hearing on Motion to Suppress held 5–14–2013 and Jury Trial held 8–21 through 8–23–2013 by Court Reporter Cindy Schwemmer (Schwemmer, Cindy) (Entered: 01/23/2014) |

# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

      **v.**              **CASE NO. 13-** 10004 **-01** –MLB

**TROY A. BONG,**

       **Defendant.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

### COUNT ONE

**18 U.S.C. § 922(g)**
**(Prohibited Person in Possession of a Firearm)**

On or about December 22, 2012, in the District of Kansas, the defendant,

**TROY A. BONG,**

having been convicted of a crime punishable by imprisonment for a term exceeding one

year, the defendant did knowingly possess in and affecting interstate commerce, a firearm

and ammunition, that is, a VZOR handgun, model 765,  s/n 683675, said firearm and

ammunition having been shipped and transported in interstate commerce, in violation of

Title 18, United States Code, Section 922(g)(1), with reference to Title 18, United States

Code, Section 924(a)(2)., in violation of Title 18, United States Code, Section .

## A TRUE BILL

January 8, 2013                          s/Foreperson
DATE                                     FOREPERSON OF THE GRAND JURY


 s/Barry R. Grissom
BARRY R. GRISSOM
United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Ks. S. Ct. No. 10866
Barry.Grissom@usdoj.gov


| It is requested that the trial be held in Wichita, KS |

-2-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
|     Plaintiff, | } | |
| | } | |
| vs. | } | Case No.  13-10004-01 MLB |
| | } | |
| TROY A. BONG, | } | |
|     Defendant. | } | |
| _____ | } | |

## MOTION TO SUPPRESS EVIDENCE AND BRIEF

COMES NOW the defendant, Troy A. Bong, by and through his attorney, Steven K. Gradert, Assistant Federal Public Defender for the District of Kansas, and moves this Court for an order suppressing all evidence and statements that were seized following the unlawful detention and arrest of the defendant on or about December 22, 2012, in Wichita, Kansas.  On behalf of this Motion, defendant states as follows:

## STATEMENT OF FACTS

On December 22, 2012, at approximately 7:28 p.m., a two officer SCAT Patrol Unit, Officers Thatcher and Springob, observed a vehicle leaving a suspected drug complaint location.  The officers claim to have witnessed the vehicle, a black in color Chrysler Sebring, approach the intersection of Santa Fe Street and Mt. Vernon.  Once at the intersection, the vehicle activated its turn signal to turn westbound on Mt. Vernon.

Since the driver allegedly failed to turn the signal on until coming to a stop, the officers will state that the driver violated the law that requires signaling 100 feet prior to turning.  After witnessing this alleged violation the SCAT officers activated their emergency lights and pulled the vehicle over to the right side of the road.  Officer Springob approached the driver's side of the vehicle and encountered the driver, a female named Beth Bong, the wife of the defendant.

The defendant, Troy Bong, was seated in the passenger seat and was approached by Officer Thatcher.  Officer Thatcher claims that upon his initial approach, he thought the male looked familiar to him.  Officer Thatcher at some point remembered that he had had prior contact with Mr. Bong on another traffic stop in which drugs and a firearm were located.

Once at the passenger door, the officer asked for identification.  Mr. Bong opened the door because it was apparently broken and handed the officer his identification.  The officer will likely testify that he saw a pack of cigarettes that was on the floor and that this aroused his suspicion.  The officer also knew that Mr. Bong was on parole and asked him if he was still on parole.  The officer did not think Mr. Bong would make eye contact and was exhibiting what he perceived were "nervous behaviors."

Officer Thatcher asked Mr. Bong to step out of the vehicle.  Mr. Bong initially did not want to, but when asked two more times to exit, he voluntarily exited the vehicle.  Officer Thatcher's perception was that the defendant was "blading" or shielding his right side away from the officer as if to conceal something.

As Mr. Bong got out the officer noticed he was wearing a black leather coat and he could see a knife "tucked in the front pocket."  Mr. Bong asked what he had done wrong and while he was asking this question, Officer Thatcher reached in the pocket and grabbed the knife.  He told Bong to just relax and put his hands on the car so he could pat him down.  Bong complied and put his hands on the car, but Officer Thatcher feared Bong had a weapon so he grabbed Bong's arm, pressed him hard against the vehicle, and then proceeded to "hip toss" him to the ground.  While this was going on, Thatcher was holding Bong's arms and then kicked Bong in the lower abdomen.  When he kicked Bong in the abdomen, he claims he saw an object fall from either his jacket or waist area.

2

He did not see what the object was, but believed it was a firearm.

By this time, the other officer, Springob, came around and was told that Bong had a gun and he kneed Mr. Bong in the groin area. They then rolled Bong over and claim to have found a firearm underneath him. While they were handcuffing Mr. Bong, a third officer arrived and picked up the firearm to collect it as evidence.

Once this was complete, the vehicle was searched and syringes, a small amount of methamphetamine, a box of ammunition, and $1,348.00 were collected and turned in as evidence. Shortly after his arrest, it is claimed that the officers read the Miranda warning to Mr. Bong and that he agreed to talk with the officers and stated that he had been threatened to take the gun out of the house that the officers were watching. He also admitted he had a methamphetamine problem and that the drugs and syringes were his.

## ARGUMENT AND AUTHORITIES

Defendant submits that he was stopped and detained in violation of his Fourth Amendment rights.

### 1. STOP.

Defendant has no basis to claim that the SCAT officers lacked reasonable suspicion to initiate the investigatory stop in this case. Traffic stops, for Fourth Amendment purposes, are analogous to investigatory detentions. Their lawfulness is governed by *Terry v Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed.2d 889 (1968).

Under *Terry*, courts assess investigatory detentions' reasonableness by asking (1) "whether the officer's action was justified at its inception;" and (2) "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry*, 392 U.S. at 20.

3

Defendant Bong submits that Terry's first prong was likely met in that the officers had reasonable suspicion to initiate the investigatory stop.  Under *Terry's* strictures, the police may initiate a traffic stop if they have reasonable suspicion that criminal activity "is, has, or is about to occur." *United States v. Samuels*, 493 F.3d 1187, 1191 (10th Cir. 2007).  "A traffic stop is justified at its inception if an officer has . . . reasonable articulable suspicion that a particular motorist has violated any of the traffic violations . . . regulations of the jurisdiction." *United States v. Winder*, 557 F.3d 1129, 1134 (10th Cir.), *cert. denied*, ____ U.S. ____, 129 S. Ct. 2281, 174 L. Ed. 2d 591 (2009); see *United States v. Gonzales*, 535 F.3d 1174, 1181 (10th Cir.) (noting that a traffic stop "is valid if it is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring"), *cert. denied*, 555 U.S. 1077, 129 S. Ct. 743, 172 L Ed. 2d 740 (2008).  In *United States v. Chavez*, 534 F.3d 1338, 1344 (10th Cir. 2008), the Court held that their inquiry only looks at whether the stop was justified and not at the officers subjective motives for the stop.

The officers claim to have observed a recognized traffic violation and counsel has no evidence to question their claim.

## 2. **DETENTION**.

Defendant Bong next contends however, that the scope of the detention following the stop was unreasonable.

> In addition to being justified at its inception, a lawful traffic stop must be reasonably related in scope to the circumstances which justified the interference in the first place.  A seizure that is justified solely by the interest in issuing a warning ticket to the driver may become unlawful if it is prolonged beyond the time reasonably required to complete that mission.

4

*United States v. Lyons*, 510 F.3d 1225, 1236 (10th Cir. 2007) (citations omitted).

"Therefore, once an officer returns the driver's license and vehicle registration and issues a warning ticket, he must allow the driver to proceed without further detention or questioning unless the officer has objectively reasonable and articulable suspicion that the driver is engaged in illegal activity." *Id.* at 1237.

In the instant case, Mr. Bong wasn't the driver, but produced his identification as directed. No action was taken toward completion of the tasks necessary or essential for the traffic violation. What is clear, however, is that the officer attempts to justify what occurred next, by suggesting facts that could possibly rise to the level of reasonable suspicion of criminal activity.

"[T]he level of suspicion required for reasonable suspicion is considerably less than proof by a preponderance of the evidence or that required for probable cause." *United States v. DeJear*, 552 F.3d 1196, 1200 (10th Cir.) (quotation omitted), *cert. denied*, ____ U.S. ____, 129 S. Ct. 2418, 173 L. Ed. 2d 1322 (2009). A factor may raise objectively reasonable suspicions "even if it 'is not by itself proof of any illegal conduct and is quite consistent with innocent travel.'" *United States v. Valles*, 292 F.3d 678, 680 (10th Cir. 2002) (quoting *United States v. Sokolow*, 490 U.S. 1, 9, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989)). But "unparticularized hunches" based on indicators "so innocent or susceptible to varying interpretations as to be innocuous" cannot justify a prolonged traffic stop or vehicle search. *United States v. Wood*, 106 F.3d 942, 946 (10th Cir. 1997) (quotations omitted).

It is expected that the officer will claim that Mr. Bong acted extremely nervous and was sweating from his brow and breathing heavily. Counsel expects to show that this is just not the truth. Counsel submits that there will be evidence that what the officer claims to have witnessed is not possible. In addition, the description of nervousness is also questionable, especially in light of the

many experiences with law enforcement defendant has had throughout his life.  It has been pointed out that "[n]ervousness alone cannot support reasonable suspicion of criminal activity."  *United States v. Salzano*, 158 F.3d 1107, 1113 (10th Cir. 1998).

The officer will state that he saw a cigarette package on the floor that caused him to be suspicious since that was an area he had experienced as a place that drugs were sometimes kept. This of course is one of the type of hunches the law typically likes to prevent.

Finally, the officer knew the defendant.  He had prior experience with him and knew him to be on parole and a convicted felon.  Under normal procedures this may have contributed to reasons to detain beyond the time necessary to complete the traffic stop, but they never ever did anything to investigate the purported traffic stop before they began the detention.

## 3.  <u>ARREST WITHOUT PROBABLE CAUSE.</u>

An arrest is distinguished from an investigative *Terry* stop "by the involuntary, 'highly intrusive' nature of the encounter."  *Cortez v. McCauley.*  478 F.3d 1108, 1115 (10th Cir.2007).

The defendant submits that this encounter rose to the level of an arrest, without probable cause, due to the highly intrusive nature of the encounter.  Instead of conducting a pat-down, Officer Thatcher was so suspicious he wrestled Mr. Bong to the ground and kicked him in the stomach.  This was all based on a hunch that the defendant had a firearm when one was never seen until one appears on the ground after the struggle.  Frankly, the behavior of these officers was outrageous based on the facts known to them prior to taking this aggressive action.

The Supreme Court has long "recognized that traffic stops are especially fraught with danger to police officers" and that the "risk of harm to both the police and the occupants [of a stopped vehicle] is minimized if the officers routinely exercise unquestioned command of the situation."

*Arizona v. Johnson*, 555 U.S. 323, 129 S. Ct. 781, 786, 172 L. Ed. 2d 694 (2009) (internal quotation marks and citations omitted) (alteration in original).

Thus during a traffic stop, in order "to allow the officer to pursue his investigation without fear of violence," *Adams v. Williams*, 407 U.S. 143, 146, 92 S. Ct. 1921, 32 L. Ed. 2d 612 (1972), the officer may order the driver out of his car and may search the passenger compartment of the car for weapons if the officer develops a reasonable suspicion that the driver is "dangerous and . . . may gain immediate control of weapons" inside the car. *Michigan v. Long*, 463 U.S. 1032, 1049, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983) (citing *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).

The officer had no knowledge that Mr. Bong was armed. No weapon was in plain view inside the vehicle, and under the totality of the circumstances it was unreasonable to ask the driver to exit the vehicle to complete the traffic stop. It is definitely not appropriate to yank him out with force and arrest him.

**4. <u>FRUIT OF THE POISONOUS TREE</u>.**

The ordinary remedy in a criminal case for violations of the Fourth Amendment is suppression of any evidence obtained during the illegal police conduct. See *Mapp v. Ohio*, 367 U.S. 643, 648, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961). In addition, a defendant may also suppress any other evidence deemed to be "fruit of the poisonous tree," by showing the required factual nexus between the illegality and the challenged evidence. *Wong Sun v. United States*, 371 U.S. 471, 485, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963).

Defendant Bong submits that any additional evidence or the subsequent alleged statements he made would not have occurred, but for the unreasonable detention, treatment, and arrest of the defendant without probable cause.

## **CONCLUSION**

Defendant Bong respectfully request the Court require a hearing to address the above stated issues and ultimately for an order suppressing all evidence seized as a result of the unlawful actions of law enforcement in this instance.

Respectfully submitted,

s/Steven K. Gradert
STEVEN K. GRADERT
KS Sup. Ct. No. 12781
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: Steve_Gradert@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2013, I electronically filed the foregoing MOTION  TO

SUPPRESS EVIDENCE AND BRIEF with the Clerk of the Court by using the CM/ECF system

which will send a notice of electronic filing to the following:

      Michelle A. Jacobs
      Special Assistant U.S. Attorney
      301 N. Main, Suite 1200
      Wichita, KS  67202

One copy sent U.S. Mail to:

      Troy A. Bong
      c/o Harvey County Jail
      P.O. Box 267
      Newton, KS 67114

                        s/Steven K. Gradert
                        STEVEN K. GRADERT
                        KS Sup. Ct. No. 12781
                        Assistant Federal Public Defender
                        Federal Public Defender Office
                        301 N. Main, Suite 850
                        Wichita, KS 67202
                        Telephone: (316) 269-6445
                        Fax: (316) 269-6175
                        E-mail: Steve_Gradert@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,    )
    )
            Plaintiff,    )
    )
        v.    )    No.  13-10004-MLB
    )
TROY A. BONG,    )
    )
            Defendant.    )

**UNITED STATES' RESPONSE AND MEMORANDUM IN SUPPORT
TO DEFENDANT'S MOTION TO SUPPRESS**

COMES NOW the Government, by and through Michelle A. Jacobs, Special Assistant United States Attorney, and submits this Memorandum in Support of Government's Response to Defendant's Motion to Suppress (Doc. 15), and requests the Court deny the motion.

**I.    Facts**

On December 12, 2012 Officer Springob and Officer Thatcher with the Wichita Police Department were riding together on patrol. Officers observed a black Chrysler Sebring leave a known drug location. Officers observed the vehicle fail to signal 100 feet prior to turning. A traffic stop was initiated. Officer Springob approached the driver's side of the vehicle and Officer Thatcher approached the passenger side.

Officer Thatcher made contact with the male passenger. The individual was familiar to him. Officer Thatcher requested identification, and the passenger opened the door to provide identification. Officer Thatcher observed a cigarette pack on the floor

between the door and the seat, and based on his training and experience, he believed that the cigarette pack may contain drugs.  After reviewing the identification provided by the passenger, Officer Thatcher realized that he knew the passenger, Troy Bong, based on past experience with defendant when he was arrested for having methamphetamine and a firearm.  Officer Thatcher was also aware that the defendant was on parole.  Officer Thatcher began to question the defendant about his parole status.  Officer Thatcher observed that the defendant did not want to make eye contact, he was looking straight ahead, and would not answer questions.  Defendant also started sweating above his brow, he was breathing heavy, and his hands were fidgeting.

Based on his nervous behavior and the officer's knowledge of prior weapon possession, defendant was asked to step out of the vehicle.  Defendant stated he did not want to get out of the vehicle, and the officer asked again.  After Officer Thatcher asked for the third time, the defendant exited the vehicle, but kept his right side turned away from the officer.  Before Officer Thatcher could begin a pat-down, he observed a knife tucked in defendant's pocket.  Officer Thatcher was able to grab the knife and explained that he wanted to check him for additional weapons.  Defendant was asked to place his hands on the car.  Defendant continued to keep his right hip turned away from the officer like he did not want any contact with that area.  Fearing that defendant had a weapon on his person, Officer Thatcher grabbed defendant's left arm from the hood of the car.  Defendant began to try to crawl out from underneath the hold, and Officer Thatcher reached up and grabbed both arms.  When defendant continued to resist, Officer Thatcher used his own body to press defendant into the car.  Defendant continued to struggle, and

2

Officer Thatcher, believing defendant had a firearm in his waistband, hip-tossed defendant to the ground.  Defendant landed on his right side, and continued to crawl and attempt to get back on his feet.  Officer Thatcher kicked defendant in his abdomen and saw an object fall from defendant's waist.

Officer Springob came around the vehicle and assisted in cuffing the defendant.  Underneath the defendant was a handgun which was secured.  Defendant admitted that the firearm was on his person and he knew it was not legal for him to possess it.  Officers found methamphetamine in the cigarette pack, and a syringe on defendant's person.

## II.   Discussion

### a.   Detention

Defendant argues that his detention following the stop was unreasonable.  Defendant argues that the officers were not investigating the reason for the traffic stop in their contact with him.  Defendant asserts the facts the facts suggested by the officers did not occur, but even if the facts are correct, the facts do not support a belief of reasonable suspicion of criminal activity.

After the reason for the initial stop is concluded, "further detention will violate the Fourth Amendment unless the additional detention is supported by a reasonable suspicion of criminal activity.  In other words, reasonable suspicion must exist at all stages of the detention, although it need not be based on the same facts throughout." *United States v. Soto-Cervantes*, 138 F.3d 1319, 1322 (10th Cir. 1998) (citing *United States v. Alarcon-Gonzales*, 73 F.3d 289, 292-93 (10th Cir. 1996).  In addressing this issue, the court must first "ascertain whether the detention was justified at its inception.  For a detention to be

3

valid, the officer must have an articulable suspicion that a detainee has committed or is about to commit a crime." *Gallegos v. City of Colorado Springs*, 114 F.3d 1024, 1028 (10th Cir. 1997). Second, the court must determine "whether the officer's actions are reasonably related in scope to the circumstances that justified the interference in the first place." *Id.*

In a traffic stop, a police officer seizes everyone in the vehicle, even a passenger. *Brendlin v. California*, 551 U.S. 249, 255, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007). A traffic stop is a lawful investigatory stop. But to go further, either in detention or to perform a pat down, officers must reasonably suspect that the person stopped is armed and dangerous or involved in criminal activity. See *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In *Maryland v. Wilson*, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997), the Court held that an officer conducting a traffic stop may order passengers to get out of the car pending completion of the stop. *Id.* at 415.

To determine whether an officer has a reasonable suspicion to detain beyond the scope of the traffic stop the court should look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing. *United States v. Arvizu*, 534 U.S. 266 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Officers are allowed to "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." Id. It need not rise to the level of probable cause. *Id.* at 274.

A number of factors can contribute to an officer's reasonable suspicion of illegal activity.   One is an individual's nervousness during a traffic stop.   *United States v. Santos*, 403 F.3d 1120, 1127 (10th Cir. 2005).   Another is previous criminal history known by the officer.   *United States v. Simpson*, 609 F.3d at 1147; *United States v. Santos*, 403 F.3d at 1132.  Both of these factors were present on December 22, 2012.

Defendant's contact with law enforcement was a lawful investigatory stop. Officer Thatcher's decision to request the defendant to step out of the vehicle pending completion of the stop was lawful and not unreasonable under the circumstances.  Officer Thatcher recognized defendant, knew he had a prior weapon possession, and knew that he was possibly still on parole.  Additionally, Officer Thatcher observed defendant begin to sweat, fidget, and refuse to make eye contact.  The totality of the circumstances and the facts known to Officer Thatcher justified the request for defendant to exit the car. However, the defendant exiting the car did not transform the stop into detention.  Officer Thatcher had reason to believe that defendant would be armed based on his behavior, his refusal to answer questions, and his prior history.  Officer Thatcher was justified in deciding to perform a pat-down of the defendant.

> **b.    Arrest**

Defendant argues that his encounter with police rose to the level of an arrest without probable cause because the nature of the encounter was so intrusive.

In *Terry*, the Supreme Court held that it is permissible for a police officer to "search for weapons … where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime." *Terry*, 392 U.S. at 27. This allows an officer to conduct a reasonable search for weapons when "a reasonable prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.* Weight should be given to "specific reasonable inferences which he is entitled to draw from the facts in the light of this experience." *Id.*

The use of handcuffs or placing suspects on the ground during a Terry stop "does not necessarily turn a lawful Terry stop into an arrest under the Fourth Amendment." *United States v. Perdue*, 8 F.3d 1455, 1463 (10th Cir. 1993). But the use of force is a greater level of intrusion and the burden is on the Government to demonstrate that the facts "warrant a man of reasonable caution in that the action taken was appropriate." *United States v. Melendez-Garcia*, 28 F.3d 1046, 1052 (10th Cir. 1994) (citing *United States v. King*, 990 F.2d 1552, 1562 (10th Cir. 1993). A frisk for weapons for the safety of the officers is not inconsistent with the scope of a Terry stop. *Id.*

Defendant's interaction with law enforcement was not an arrest, but an investigatory stop. Based on the officer's training and experience, and his previous experience with defendant, Officer Thatcher had a reasonable suspicion that defendant was armed and dangerous. Based on that knowledge, Officer Thatcher was justified in using force to conduct a pat-down. Officer Thatcher acted reasonably in dealing with an

individual he knew was armed on a previous encounter, and based on his conduct on the date in question.

The court should focus on

"whether the police conduct, in light of all the circumstances, was reasonable. We should not ask whether the force used was so great as to render it an arrest but, instead, whether the force used was reasonable. Whenever the police confront an individual reasonable believed to present a serious and imminent danger to the safety of the police and public, they are justified in taking reasonable steps to reduce the risk that anyone will get hurt. They should not be constrained in their effort to reduce the risk of injury or death simply because the facts known to them create a reasonable suspicion, but do not rise to the level of probable cause."

*United States v. Merritt*, 695 F.2d 1263, 1274 (10th Cir. 1982).

III.   **Conclusion**

Officers acted reasonably and lawfully in their interaction with defendant. Officers may request identification from passengers, and may request passengers get out of the vehicle pending completion of the stop. Officer Thatcher attempted to conduct a pat-down for weapons based on his prior experience with defendant and based on the facts known to him when he requested defendant exit the vehicle. The use of force to complete the pat-down was necessary for officer safety, but it did not change the encounter into an arrest. Because the officer's actions were lawful, the discovery of the firearm and defendant's statements should not be suppressed.

Wherefore, the United States respectfully requests that this Court deny the defendant's Motion to Suppress.

Respectfully submitted,

BARRY GRISSOM
United States Attorney

 s/ Michelle A. Jacobs
MICHELLE A. JACOBS, #21261
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita Kansas 67202
316-269-6481
Michelle.Jacobs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Mr. Steve Gradert, attorney for defendant Troy Bong.

s/ Michelle A. Jacobs
MICHELLE A. JACOBS
Special Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,     )
                                       )
                   Plaintiff,    )    **CRIMINAL ACTION**
                                       )
v.                             )    No. 13-10004-MLB
                                       )
TROY BONG,                   )
                                       )
                   Defendant.    )

---

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to suppress. (Doc. 15). The motion has been fully briefed and is ripe for decision. (Doc. 17). The court held an evidentiary hearing on May 14, 2013. Wichita police officer Robert Thatcher testified. The court advised defendant of his right to testify and call witnesses. Defendant stated that he understood his right and declined to testify and call witnesses.

## I.  Facts

On December 22 at 7:28 p.m., officers Springob[1] and Thatcher were parked outside of a house which was the subject of a drug investigation. While observing the house, they witnessed individuals leave the house in a vehicle. Springob followed the vehicle and observed that the driver failed to activate the turn signal 100 feet prior to the intersection. The driver did not activate the signal until the vehicle stopped at the intersection. Springob activated his lights and conducted a traffic stop. Both Springob and Thatcher

---

[1] Officer Springob did not testify at the suppression hearing.

exited the patrol car.  Springob approached the driver and Thatcher
approached the passenger's side of the vehicle.  Thatcher had a
flashlight and used it to look in the vehicle as he approached.
Thatcher observed defendant sitting in the passenger seat and Thatcher
thought that defendant looked familiar.  Thatcher spoke with defendant
through the window and asked for his identification.  Defendant opened
the door to hand Thatcher his identification.  Thatcher observed a
cigarette package in the door.  At this time, defendant was staring
straight ahead and rubbing his hands on his legs.  After reviewing the
license, Thatcher remembered that he had stopped defendant four years
ago and arrested him for possession of methamphetamine and a firearm
violation.

Thatcher observed that defendant was sweating, breathing heavy
and not making eye contact when Thatcher was talking to him.  Thatcher
asked defendant to exit the vehicle because he was concerned for his
safety and believed that defendant may be armed.  Defendant did not
respond to Thatcher's request.  Thatcher had to repeat his request
three or four times before defendant got out of the vehicle.  When
defendant did step out, he turned his body to the side with his right
hip back towards the vehicle.  Thatcher believed that defendant was
trying to hide something from him.  Thatcher proceeded to initiate a
pat down for weapons and observed a knife clipped in defendant's
jacket.  Thatcher grabbed the knife out of the jacket and defendant
flinched and backed away.  Defendant told Thatcher that he had other
knives on him.

Thatcher then told defendant to put his hands up on the
vehicle.  Defendant turned and faced the vehicle.  Thatcher placed his

hands on top of defendant's hands in preparation for the pat down. Defendant then attempted to duck out from under Thatcher. Thatcher kept hold of defendant's hands when he moved because he believed defendant had a gun. Thatcher and defendant both ended up on the ground. Defendant got up first and went into a kneeling position. Thatcher kicked defendant two or three times in the stomach and a black object fell out on the ground. Thatcher called for his partner and yelled "gun." Defendant was restrained and a gun was retrieved on the ground. The time involved in this altercation, from the beginning of the stop to the arrest, was only two or three minutes.

Defendant moves to suppress the gun seized by Thatcher on the basis that the detention was unreasonable and the force used by Thatcher transformed the contact into an illegal arrest.

## II. Analysis

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Supreme Court has liberally interpreted "seizures" to encompass routine traffic stops, "even though the purpose of the stop is limited and the resulting detention quite brief." See Delaware v. Prouse, 440 U.S. 648, 653 (1979). "Because an ordinary traffic stop is more analogous to an investigative detention than a custodial arrest," the stops are analyzed under the principles articulated in Terry v. Ohio. United States v. King, No. 05-6399 (10th Cir. Dec. 18, 2006). The two-pronged standard espoused in Terry v. Ohio, 392 U.S. 1 (1968), thus applies, see United States v. Caro, 248 F.3d 1240, 1244 (10th Cir. 2001), and renders a traffic stop reasonable if "the officer's

-3-

action was justified at its inception, and [if] it was reasonably
related in scope to the circumstances which justified the interference
in the first place." Terry, 392 U.S. at 20. An initial traffic stop
is justified at its inception if it was "based on an observed traffic
violation," or if "the officer has a reasonable articulable suspicion
that a traffic . . . violation has occurred." United States v.
Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998).

In this case, the undisputed facts show that the traffic stop was
justified.[2] Defendant also does not challenge Thatcher's right to
conduct a pat down search of defendant's person. See United States
v. Albert, 579 F.3d 1188, 1195 (10th Cir. 2009)("During an
investigative detention, police officers are authorized to take
reasonable steps necessary to secure their safety and maintain the
status quo. In some circumstances, these safety measures may include
a pat-down search for weapons.") Therefore, the only issue in this
case is whether the investigative detention was transformed to an
illegal arrest without probable cause.

Defendant argues that the force used by Thatcher was excessive
and not reasonable under the circumstances. The court disagrees.
"Whether police conduct was 'reasonably related in scope to the
circumstances which justified the interference in the first place,'
is a fact-sensitive inquiry and depends on 'the totality of
circumstances in a given case.'" United States v. Salas-Garcia, 698
F.3d 1242, 1249-50 (10th Cir. 2012). "Since police officers should
not be required to take unnecessary risks in performing their duties,

---

[2] Defendant does not dispute the lawfulness of the traffic stop.
(Doc. 15 at 4).

-4-

they are 'authorized to take such steps as [are] reasonably necessary to protect their personal safety and to maintain the status quo during the course of [a <u>Terry</u>] stop.'" <u>United States v. Neff</u>, 300 F.3d 1217, 1220 (10th Cir. 2002)(internal citations omitted).

Thatcher had reason to believe defendant was armed based on a past interaction with defendant.  Moreover, defendant was observed leaving a known drug house and the Tenth Circuit has recognized that a "connection with drug transactions can support a reasonable suspicion that a suspect is armed and dangerous." <u>Id.</u> at 1250. Thatcher was attempting to pat down defendant for his own safety when defendant tried to escape.  Thatcher was forced to use his feet to attempt to control defendant because Thatcher did not want to release his hold on defendant's hands.  Thatcher was justifiably concerned that defendant would be able to reach for a weapon if Thatcher were to let go of defendant's hands.  Therefore, Thatcher's use of force was enough, given the circumstances, to gain control of the situation and was not excessive.[3] <u>See</u> <u>United States v. Chavez</u>, 812 F.2d 1295, 1301-02 (10th Cir. 1987)(use of physical force to subdue defendant and perform a pat down was reasonable considering the circumstances in that the defendant had participated in a drug transaction and the officers believed that he was armed).

In sum, Thatcher's limited use of his feet to knock defendant to the ground was reasonable and justified.  Thatcher's action did not transform the Terry stop into an illegal arrest.  Defendant's motion to suppress is therefore denied.  (Doc. 15).

---

[3] There was no evidence of any injuries sustained by defendant.

-5-

IT IS SO ORDERED.

Dated this   12th   day of June 2013, at Wichita, Kansas.


                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE

-6-

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,      )
                               )
                   Plaintiff,  )
                               )    Case No.  13-10004-MLB
          v.                   )
                               )
TROY BONG,                     )
                               )
                   Defendant.  )
_____)

## GOVERNMENT'S MOTION IN LIMINE

The United States, by and through Michelle A. Jacobs, Special Assistant United States Attorney,  submits this Motion in Limine to exclude defendant from arguing duress, and to request the court deny inclusion of a duress jury instruction.

Defendant was arrested for possession of a firearm by a felon.  Defendant agreed to speak to law enforcement officers, and stated that people inside a house he just left had given him the gun and told him he needed to take the gun and get rid of it.  Defendant also stated that he was threatened.

Defendant bears the burden of proving duress or necessity at trial by a preponderance of the evidence.  *United States v. Beckstrom*, 647 F.3d 1012, 1016 (10th Cir. 2011).  In order to support a duress defense, the defendant must prove: 1) the defendant was under an unlawful and present, imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury to himself; 2) the defendant had no reasonable, legal alternative to violating the law, that he had no chance both to refuse to do the criminal act and also to avoid the threatened harm;

3) a direct causal relationship could have been reasonable anticipated between engaging in the criminal action and avoiding the threatened harm.  10th Circuit Pattern Jury Instruction 1.36.

Although a duress defense is recognized in the Tenth Circuit, this defense is not available to the crime of felon in possession of a firearm, 18 U.S.C. § 922(g).  The Tenth Circuit has considered whether defenses are available to a defendant charged with possession of ammunition under Section 922(g).  In *United States v. Baker*, 508 F.3d 1321 (10th Cir. 2007), the Court found the motive for possession of ammunition is irrelevant to Section 922(g), even if it was for a legal purpose.  *Id.* at 1324.  *Baker* considered whether a defendant was entitled to an innocent possession instruction. Finding that he was not, the Court found that "by prohibiting knowing possession, the statute does not invite inquiry into the reason the defendant possessed the ammunition, as long as the defendant knew it was ammunition he possessed."  *Id.* at 1325.  In this case, the same analysis is applicable.  Defendant is not entitled to a duress or coercion defense because the statute only requires knowing possession, and the reason for the possession is not important.  And as the defendant stated to law enforcement officers, he knew it was a gun, and he knew he was not allowed to possess it.

Even if the court were to allow a duress defense, before giving a duress instruction, defendant must first show that there was no reasonable alternative to violating the law.  Defendant will have to show that he "actually tried the alternative or had no time to try it."  *United States v. Vigil*, 743 F.2d 751, 756 (10th Cir. 1984).

Defendant must also show an imminent threat of serious bodily injury or death.  A simple statement by defendant that "I was threatened," does not satisfy this requirement.

To include a jury instruction on a defense, there must be legal support and factual support for the instruction.  As set forth above, there is no legal support for a jury instruction on duress when the crime charged is knowing possession of a firearm by a felon.  The burden is on the defendant to show evidentiary support for the defense.  The defendant must show that he was under "imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury to himself." Defendant told the arresting officer that he was threatened and that he needed to take the gun and get rid of it.  Defendant did not state that he was afraid of serious bodily injury or death, or that the threat was imminent and impending.  If the defendant requests a jury instruction on duress, the Government respectfully asks the court deny the request.

The Government seeks this ruling prior to the start of trial to better prepare opening statements and direct examination of witnesses.

Respectfully submitted,

BARRY GRISSOM
United States Attorney

 s/ Michelle A. Jacobs
MICHELLE A. JACOBS
Ks. S.Ct. No. 21261
Special Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita Kansas 67202
316-269-6481
Michelle.Jacobs@usdoj.gov

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Mr. Steve Gradert, attorney for defendant Troy Bong.

s/ Michelle A. Jacobs
MICHELLE A. JACOBS
Special Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  13-10004-MLB |
| v. | ) | |
| | ) | |
| TROY BONG, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## GOVERNMENT'S NOTICE PURSUANT TO
## FEDERAL RULE OF EVIDENCE 404(b)

The United States, by and through Michelle A. Jacobs, Special Assistant United States Attorney, provides notice to the defendant of the government's intention to introduce evidence pursuant to Federal Rule of Evidence 404(b) at the trial of this matter.

Rule 404(b) requires the government to provide "reasonable notice … of the general nature" of evidence of other crimes, wrongs, or bad acts which the government "intends to introduce at trial."  Defendant is charged with possession of the firearm by a convicted felon.  Defendant stated to the arresting officer that people inside a house he just left had given him the gun and told him he needed to take the gun and get rid of it. The Government seeks to admit evidence through Officer Thatcher that three years prior to the current offense, in approximately the same area of town, Officer Thatcher arrested defendant and defendant possessed a firearm.  Specifically, Officer Thatcher stopped defendant at the intersection of Broadway and Mr. Vernon on December 5, 2009. Defendant was driving a 1994 Dodge conversion van.  After arresting Bong and his

passenger, Officer Thatcher searched the vehicle and found syringes, methamphetamine, ammunition, and a loaded firearm in the glove compartment.   Officer Thatcher will testify that he remembered the defendant, and remembered the circumstances of the prior arrest.

Evidence of bad acts may be admissible if it is "relevant" and shows "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."   Fed.R.Evid. 402 and 404(b).   The court may exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."   Fed.R.Evid. 403.   Evidence of other crimes, wrongs or acts is admissible provided it is relevant, introduced for a proper purpose, and not unfairly prejudicial.

The court should consider four factors in determining the admissibility of evidence under Rule 404(b).   The test requires:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice, and (4) pursuant to Fed.R.Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for with it was admitted.

*United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).   Relevant evidence tends to make a necessary element of an offense more or less probable.   Fed.R.Evid. 401.   The balancing test in Rule 403 determines whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.   *United States v. Burgess*, 576 F.3d 1078, 1099 (10th Cir. 2009).

Similarity between charged conduct and prior conduct is demonstrated through "physical similarity of the acts or through the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic offense and charged offenses." *Zamora*, 222 F.3d at 762. The court should consider a number of factors in assessing similarity, including whether the acts occurred closely in time, geographical proximity, whether the acts share similar physical elements, and whether the charged offense and the other acts are part of a common scheme. *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006).

The government's introduction of this testimony from Officer Thatcher shows defendant's lack of mistake and that defendant participated in conduct that required the same state of mind in this case as well as in the prior contact with Officer Thatcher. Additionally, this evidence is relevant in that it helps to explain defendant's behavior. In the prior contact, defendant was on parole, and after his arrest by Officer Thatcher, his parole was revoked and he was sent back to prison. Officer Thatcher explained at the motion hearing that he testified in front of the parole board at defendant's revocation hearing. Defendant knew the consequences of possessing the firearm, and knew his parole could be revoked and he could be sent back to prison for the possession.

A limiting instruction can be provided to the jury to restrict the evidence to its proper scope. The manner in which the defendant was operating in the first transaction is substantially similar to the second transaction, and is proof of defendant's preparation and plan.

The evidence is relevant because the facts are so closely similar to the facts in this case.   The evidence is relevant to prove identity, intent, knowledge, motive, and preparation and plan.  The probative value outweighs any unfair prejudice.  The United States requests a preliminary ruling *in limine* that the proposed evidence is admissible. The ruling would permit the United States to better prepare for trial and to reference the prior contact in its opening statement.

Respectfully submitted,

BARRY GRISSOM
United States Attorney

 s/ Michelle A. Jacobs
MICHELLE A. JACOBS
Ks. S.Ct. No. 21261
Special Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita Kansas 67202
316-269-6481
Michelle.Jacobs@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Mr. Steve Gradert, attorney for defendant Troy Bong.

s/ Michelle A. Jacobs
MICHELLE A. JACOBS
Special Assistant United States Attorney

4

Appellate Case: 13-3301   Document: 01019192259   Date Filed: 01/27/2014   Page: 42

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**


UNITED STATES OF AMERICA,      )

                             )

                Plaintiff,     )     **CRIMINAL ACTION**

                             )

v.                          )     No.  13-10004-MLB

                             )

TROY A. BONG,              )

                             )

                Defendant.   )

_____)

**<u>INSTRUCTIONS TO THE JURY</u>**

INSTRUCTION NO. ____1____

Members of the Jury:

Now that you have heard all of the evidence, it becomes my duty to instruct you on the law applicable to this case.  In the interest of clarity, I will read the instructions to you and each of you has a copy of the instructions to use in the jury room.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is your duty, as judges of the facts, to follow and apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

INSTRUCTION NO.   2

The indictment in this case charges substantially as follows:

<u>COUNT 1</u>

On or about December 22, 2012, in the District of Kansas,

TROY A. BONG,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, the defendant did knowingly possess in and affecting commerce, a firearm and ammunition, that is a VZOR handgun, model 765, s/n 683675, said firearm and ammunition having been shipped and transported in interstate commerce, in violation of Title 18, United States Code § 922(g)(1).

INSTRUCTION NO. ____3____

An indictment is but a formal method of accusing a defendant of a crime.  It is not evidence of any kind against a defendant, and does not create any presumption or permit any inference of guilt.  It is a mere charge or accusation--nothing more and nothing less.

INSTRUCTION NO. ___4___

        The indictment charges that the crime was committed "on or
about" a certain date.  It is not necessary that the proof establish
with certainty the exact date of the alleged crime.  It is sufficient
if the evidence shows beyond a reasonable doubt that the crime was
committed on a date reasonably near the date alleged.

INSTRUCTION NO. ___5___

To the charge contained in the indictment, defendant has entered a plea of "not guilty."  This plea puts in issue every element of the crime charged and makes it incumbent upon the government to prove beyond a reasonable doubt every element of the crime charged.

INSTRUCTION NO. ____6____

Defendant is charged with a violation of 18 U.S.C. section 922(g).

This law makes it a crime for any person who has been previously convicted in any court of a felony to knowingly possess any firearm or ammunition, in or affecting interstate commerce.

To find defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: defendant knowingly possessed a firearm and/or ammunition as alleged;

Second: defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm and/or ammunition; and

Third: before defendant possessed the firearm and/or ammunition, the firearm and/or ammunition had moved at some time from one state to another.

The law does not require defendant to move the firearm and/or ammunition in interstate commerce; only the firearm and/or ammunition must so move.

INSTRUCTION NO. _____7_____


        Defendant has stipulated that he has a prior felony conviction, that is, a conviction for a crime punishable by imprisonment for a term exceeding one year.  Evidence of this conviction has been introduced because the crime charged – felon in possession – requires the United States to prove, beyond a reasonable doubt, that the defendant has been so convicted.  The parties have agreed the jury may consider the stipulation as evidence on the second element of the crime charged.

INSTRUCTION NO. ____8_____

      The term "firearm" as used in these instructions means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

INSTRUCTION NO. _____9_____

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

In the situation where the object is found in a place (such as a car) occupied by more than one person you may not infer control over the object based solely on joint occupancy. Mere control over the place in which the object is found is not sufficient to establish constructive possession. Instead, in this situation, the government must prove some connection between the particular defendant and the object.

INSTRUCTION NO.  ___10___

     An act is "knowingly" done if it is done voluntarily and intentionally, and not because of mistake, or inadvertence, or other innocent reason.

INSTRUCTION NO.   11

The law presumes a defendant to be innocent of crime.  This presumption remains with him throughout the trial.  Thus, a defendant, although accused, begins the trial with a "clean slate," with no evidence against him and the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant.  The presumption of innocence alone is sufficient to acquit the defendant now on trial, unless the jurors are satisfied of the defendant's guilt beyond a reasonable doubt, from all the evidence.

INSTRUCTION NO.   <u>   12   </u>


Proof beyond a reasonable doubt is proof that leaves you firmly convinced of defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that defendant is guilty of the crime charged you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt, and find him not guilty.

INSTRUCTION NO. _____13_____


       Burden of proof means burden of persuasion.  The burden is always upon the government to prove beyond a reasonable doubt every essential element of the crime charged.  In determining whether or not it has met this burden, you must consider all the evidence.

INSTRUCTION NO.   14

In every crime there must exist a union or joint operation of act and intent.

The burden is always upon the government to prove both act and intent beyond a reasonable doubt.

INSTRUCTION NO.  __15__

     There are two types of evidence from which a jury may properly find a defendant guilty of crime.  One is direct evidence, such as the testimony of an eyewitness.  The other is circumstantial evidence, the proof of a chain of circumstances pointing to the commission of the offense.

     The law makes no distinction between direct and circumstantial evidence but requires that, before convicting a defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence.

INSTRUCTION NO. ___16___

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider the witness's relationship to the government or to the defendant; any interest the witness may have in the outcome of the case; the witness's manner while testifying; the opportunity and ability to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection -- like failure of recollection -- is not uncommon.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by either direct or circumstantial evidence. I caution you, however, that the process of drawing inferences from the evidence is not a matter of guesswork or speculation. In order to return a verdict of guilty, you still must

be satisfied that the government has proved defendant's guilt beyond
a reasonable doubt on all of the elements of the offense.

INSTRUCTION NO.    17

      The weight to be given the evidence is determined not by the number of witnesses or the amount of testimony produced by either side, but by the credibility of the witnesses and the nature and quality of their testimony.  The evidence of one witness who is entitled to full credit is sufficient for the proof of any fact in this case, and you would be justified in returning a verdict in accordance with such testimony even though a number of witnesses gave conflicting testimony, if from the consideration of the whole case and the reliability and credibility of the various witnesses you believe the one witness as opposed to the greater number of witnesses.

      Always keep in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

INSTRUCTION NO. ____18____

In considering the evidence, you are expected to use your good sense; consider the evidence for only those purposes for which it has been admitted, and give it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as to any party or person. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. That was the promise you made and the oath you took before being accepted by the parties as jurors and they have the right to expect nothing less.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in, and the law applicable to, this case.

Appellate Case: 13-3301   Document: 01019192259   Date Filed: 01/27/2014   Page: 62

INSTRUCTION NO.   19

      Defendant has offered himself as a witness and has testified from the witness stand.  Having done so, you are to determine the credibility of defendant in the same way as you would consider the testimony of any other witness who took the stand.

INSTRUCTION NO. _____20_____

You have heard evidence that defendant possessed a firearm on a prior occasion. You may consider that evidence only as it bears on the defendant's knowledge and absence of mistake or accident concerning the events of this case.

INSTRUCTION NO.  __21__

Defendant is on trial only for the acts alleged in the indictment.  He is not on trial for any other acts or conduct.  In determining whether defendant is guilty or not guilty, you are therefore to consider only whether defendant has or has not committed the acts charged in the indictment.  Even if you are of the opinion that he is guilty of some offense not charged in the indictment, you must find defendant not guilty if the evidence does not show beyond a reasonable doubt that defendant committed the specific acts charged in the indictment.

INSTRUCTION NO.   22

When it has been shown that a witness, including defendant, has been convicted of a felony, you are to determine the witness's credibility and the weight to be given the witness's testimony the same as you would the testimony of any other witness.  The fact that a witness has been convicted of crime may be considered by you in determining what credit and weight you will give to that witness's testimony.

INSTRUCTION NO.   23

The testimony of a drug abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs.

The jury must determine whether the testimony of the drug abuser has been affected by drug use or the need for drugs.

INSTRUCTION NO. ____24____

Evidence relating to any statement alleged to have been made by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care. Any such alleged statement should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement was made or done knowingly and voluntarily.

In determining whether any statement alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made or done, the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant and his treatment while in custody or under interrogation as shown by the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the statement.

If after considering the evidence you determine that a statement was made or done knowingly and voluntarily, you may give it such weight as you feel it deserves under the circumstances.

INSTRUCTION NO. ___25___

Statements, questions and arguments of counsel are not evidence. The evidence consists of the sworn testimony of the witnesses and all exhibits received in evidence.

Any evidence as to which an objection was sustained by the court must be entirely disregarded. Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

INSTRUCTION NO.   <u>  26  </u>


During the trial I passed upon objections to the admission of certain testimony into evidence. Questions relating to the admissibility of evidence are solely questions of law for the court, and you must not concern yourselves with the reasons for my rulings. In your consideration of the case, you must draw no inference from these rulings and you must consider only the evidence which I admitted.

Neither in these instructions, nor in any ruling, action or remark that I have made during the course of this trial, have I intended to express any opinion or suggestion as to how I would resolve any of the issues of this case.  If I have made any remark that you believe indicates how I would decide this case, I instruct you to disregard such remark.

INSTRUCTION NO. ____27____

The punishment provided by law for the crime charged is a matter exclusively within the province of the court and may not be considered by the jury in any way in deciding whether defendant is guilty or not guilty of the crime charged.

INSTRUCTION NO. ___28___

During your deliberations, you may refer, if you wish, to any notes you took during the trial. Remember, however, that your notes are not evidence and remember, also, that it is your memories regarding the evidence, and not your notes, which control.

INSTRUCTION NO.   29

A final suggestion by the court--not technically an instruction upon the law--may assist your deliberations. The attitude of jurors at the outset of and during their deliberations is important. It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict. The reason is obvious: we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice. This presupposes and requires deliberation--counseling together in an effort to agree. Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties. You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been adduced. No one can ask more and you will not be satisfied to do less.

INSTRUCTION NO. ____30____

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are judges--judges of the facts.  Your sole interest is to seek the truth from the evidence.

INSTRUCTION NO.   31

Upon retiring to the jury room you should first select one of your number to act as your foreperson, who will preside over your deliberations and be your spokesperson here in court.  The second thing you should do is review the court's instructions.  One of the purposes of the instructions is to guide your deliberations.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based but, for your verdict to be valid, you must follow the court's instructions throughout your deliberations.  Remember, you are judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

A form of verdict has been prepared for your convenience.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then notify my law clerk that you have reached a verdict.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing, signed by the foreperson, and pass the note to my law clerk, who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

       s/ Monti Belot
MONTI L. BELOT
UNITED STATES DISTRICT JUDGE

FILED
U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT FOR KANSAS

FOR THE DISTRICT OF KANSAS

13  AUG 23  P1 :21

UNITED STATES OF AMERICA,                    )        CLERK. U.S. DISTRICT COURT
                                             )        BY: _____ DEPUTY CLERK
                            Plaintiff,       )        CRIMINAL ACTION
                                             )
v.                                           )        No.  13-10004-MLB
                                             )
TROY A BONG,                                 )
                                             )
                            Defendant.       )
_____    )

## V E R D I C T

        We the jury, duly impaneled and sworn, upon our oaths

find the defendant **Troy A. Bong**

1.        GUILTY              )
                             )     as charged in Count 1
          NOT GUILTY          )     of the Indictment.

        If you find the defendant guilty, please answer the
following questions:

        Did defendant knowingly possess the firearm?

        _____✓_____ YES         _____NO

        Did defendant knowingly possess the ammunition?

        _____✓_____ YES         _____NO

_____23- August 2013_____         _____
        DATE                                    FOREPERSON

NOTE:  Circle the words "guilty" or "not guilty" to properly
       reflect your verdict.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | Case No.  13-10004-01 MLB |
| | } | |
| TROY A. BONG, | } | |
| Defendant. | } | |
| _____ | } | |

## **SENTENCING MEMORANDUM**

COMES NOW the defendant, Troy A. Bong, by and through his attorney, Steven K. Gradert, Assistant Federal Public Defender for the District of Kansas, and submits this Memorandum regarding sentencing scheduled for Monday, November 18, 2013.

## **FACTS**

Defendant Bong was convicted following a jury trial of one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e).

A presentence report has been prepared and after a review with the defendant, no corrections or objections were filed with the probation office.  The probation office has determined that the defendant is subject to enhanced punishment pursuant to U.S.S.G. § 4B1.4, the Armed Career Criminal Act, which requires a statutory minimum sentence of 15 years.  The guideline range determined by the probation office is 235-293 months.

## **ARGUMENT**

Counsel for defendant Bong submits that this Court could depart or vary from the applicable range to a sentence at the statutory minimum of 15 years (180 months).

1.  Defendant submits that his criminal history, particularly his characterization as an Armed Career Criminal, overstates his criminal history.  Counsel acknowledges that Mr. Bong has a lengthy history of committing crimes that goes back to when he was 16 years old. He also has committed some very serious offenses including robberies.  The reason that he is an Armed Career Criminal is due to these robbery convictions.

The robberies and most of Mr. Bongs serious offenses occurred when he was between the ages of 16 and 20 years old.  Since that time he has several other convictions that are less serious and most of which are related to his drug addiction.  Because of his drug addiction and all the more recent offenses, he has been in and out of prison for crimes that took place over 20 years ago.  In the latest version of the sentencing guidelines, the commission has indicated that "a departure may be warranted in an exceptional case, even though the circumstance that forms the basis for the departure is taken into consideration in determining the guideline range, if the Court determines that such circumstance is present in the offense to a degree substantially in excess of or substantially below, that which ordinarily is involved in that kind of offense."  See U.S.S.G. § 5K2.0(a)(3).

The circumstance in this case that would fit this justification, is the age of the predicate offenses making Mr. Bong an Armed Career Criminal.

2.  The defendant has a very long history of substance abuse.  Ordinarily, drug addiction is not relevant for departures, however, U.S.S.G. § 5K2.0(a)(4) suggests if the factor that is ordinarily irrelevant may be relevant if it is present to an exceptional degree.

That is true in this case when you consider the very lengthy history of drug abuse Mr. Bong has dealt with.

3. Another factor the Court could consider is that Mr. Bong was arrested for the instant case on December 22, 2012. He was also arrested at the same time for a parole violation by the State of Kansas and was released to the Kansas Department of Corrections (KDOC) detainer. On February 1, 2013, KDOC released Bong to the Federal detainer on a writ and they still have a hold on him. What this means is that Bong will not receive credit for any of the time he has been in Federal custody because it is being credited toward the Kansas parole violation. To account for this lost time, counsel submits that this Court could adjust the guideline sentence in this case by reducing the range by the period of time he has remained in our custody, or 10 months. In addition, it is highly probable that the KDOC will, upon Bong's return to their custody, find that because he has violated his State parole for committing a new offense, he will have to serve his sentence to maximum release date. This Court could reduce the federal sentence and/or at the very least order that the Federal sentence run concurrently with any State incarceration he is required to serve as a result of the violation of his parole.

4. Finally, looking at the requirements of 18 U.S.C. § 3553(a), the Court is required to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set out in the statute. Counsel submits that a 15 year sentence,

ordered to run concurrently with the State parole violation sentence is more than sufficient

to punish Mr. Bong for the instant offense.

Respectfully submitted,


s/Steven K. Gradert

STEVEN K. GRADERT
KS Sup. Ct. No. 12781
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: steve_gradert@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2013, I electronically filed the foregoing Sentencing Memorandum with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

> Michelle A. Jacobs
> Special Assistant U.S. Attorney
> 301 N. Main, Suite 1200
> Wichita, KS 67202

One copy sent U.S. Mail to:

> Troy A. Bong
> c/o Sedgwick County Detention Facility
> 141 W. Elm Street
> Wichita, KS 67203

> s/Steven K. Gradert
> _____
> STEVEN K. GRADERT
> KS Sup. Ct. No. 12781
> Assistant Federal Public Defender
> Federal Public Defender Office
> 301 N. Main, Suite 850
> Wichita, KS 67202
> Telephone: (316) 269-6445
> Fax: (316) 269-6175
> E-mail: steve_gradert@fd.org

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
(WICHITA DOCKET)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13 – 10004-MLB |
| v. | ) | |
| | ) | |
| **TROY BONG**, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S SENTENCING MEMORANDUM**

The United States, by and through Special Assistant United States Attorney Michelle A. Jacobs, submits this response to defendant's sentencing memorandum (Doc. 37).

I. <u>Presentence Investigation Report</u>

Defendant was found guilty following a jury trial to the sole count in the indictment, felon in possession of a firearm, in violation of Title 18, U.S.C. Section 922(g)(1).  The probation office completed a presentence report, and determined the base offense level for the crime of conviction was 24.  (U.S.S.G. § 2K2.1(a)(2)).  An enhancement under chapter four increased the offense level to 33.  "Under 18 U.S.C. § 924(e)(1), a defendant is subject to an enhanced sentence if the instant offense of conviction is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a 'violent felony' or 'serious drug offense,' or both, committed on occasions different from one another."  Defendant's prior convictions used to enhance his sentence clearly exceed the minimum three prior convictions.  Defendant has 9 different convictions that qualify for the enhancement, arising out of four different cases.  Importantly, one case, 90 CR 622, contains six different convictions, that occurred on six different dates, which qualify to enhance his sentence under Section 4B1.4.

II.  Criminal History Overstated

Defendant argues that his criminal history is overstated, as the robbery convictions are old, his recent crimes are drug related, and he is still under a prison sentence for crimes committed 20 years ago.  The Government disagrees with this assessment of defendant's criminal history.  A review of defendant's history shows that defendant began committing crimes when he was a teenager, and he has never stopped.  In many cases, including convictions in 2002, 2006, and 2009, defendant received a sentence of probation.  However, even when given a lenient or non-prison sentence, defendant continued to commit new offenses, including offenses involving firearms.

| Year Offense Committed | Conviction | Sentence |
|---|---|---|
| 1988 | Aggravated Juvenile Delinquency | Probation, underlying sentence 1-5 years KDOC |
| 1988 | Auto Burglary, Theft | Community Corrections, underlying sentence of 1-5 years KDOC |
| 1988 | Residential Burglary, Theft | Community Corrections, underlying sentence of 1-5 years KDOC |
| 1989 | Aggravated Failure to Appear | Probation, underlying sentence of 1-5 years |
| 1990 | Aggravated Escape from Custody | 1-5 years KDOC |
| 1990 | 2 counts Robbery, 3 counts Aggravated Robbery, Attempted Robbery | 8-20 years KDOC |
| 1990 | Robbery | 3-10 years KDOC |
| 1994 | Felony Theft (no points) | Unsupervised Probation |
| 1999 | Riot (no points) | 5 days jail, probation, under sentence of 365 days jail |
| 1999 | Traffic in Contraband (no points) | 6 months KDOC custody |
| 2002 | Fleeing or Attempt to Elude LEO, DWS, DUI | Probation, 1 year underlying sentence |
| 2003 | Possession of Drug Paraphernalia | Fine |
| 2004 | Possession of Drug Paraphernalia | 30 days jail, fine |
| 2006 | Possession of Drug Paraphernalia | Probation |
| 2009 | DWS – 3rd offense | 180 days custody |
| 2009 | Failure to comply with bond conditions – Domestic Violence | Probation |

2

| 2009 | Domestic Battery | Probation |
|------|------------------|-----------|
| 2009 | DWS (no points) | Probation |
| 2009 | Possession of Drug Paraphernalia, Criminal Possession of a Firearm | 12 months KDOC |

A review of defendant's revocation record at the Kansas Department of Corrections shows that defendant remains on parole due to his inability to follow the law. It is significant to look at the amount of time between defendant's release on parole and how soon defendant's parole was revoked.

| Parole Date | Revocation Date | Time on Release |
|-------------|-----------------|-----------------|
| February 10, 1998 | May 26, 1998 | 105 days |
| March 9, 2001 | June 12, 2001 | 95 days |
| June 6, 2002 | June 27, 2002 | 21 days |
| July 18, 2003 | August 27, 2003 | 40 days |
| July 21, 2004 | November 29, 2004 | 131 days |
| July 11, 2005 | September 29, 2005 | 80 days |
| March 2, 2006 | August 8, 2006 | 159 days |
| December 8, 2008 | December 22, 2009 | 379 days |
| January 3, 2012 | January 22, 2013 | 385 days |

The revocation date is the date that the Kansas Department of Correction officially revoked him, and is usually not the date defendant violated. For example, in this case, his revocation date was January 22, 2013. However, the offense date was December 22, 2012, and he remained in custody and was not actually on release between December 22, 2012 and January 22, 2013. It is clear that the defendant is a career criminal, and is unable to function in society and follow the law. Defendant's argument that this is an exceptional case because he is still in prison for crimes committed 20 years ago is not supported by his history. He remains under a prison sentence because he fails, at every opportunity, to follow the conditions of his parole and to abide by the law.

III.  <u>Drug Abuse History</u>

Defendant requests a departure based on his drug addiction, stating that his long period of drug abuse qualifies as an exceptional degree under which the court can depart.  Defendant argues for a departure based on U.S.S.G. § 5K2.0(a)(4), which states:

> DEPARTURES BASED ON NOT ORDINARILY RELEVANT OFFENDER CHARACTERISTICS AND OTHER CIRCUMSTANCES. – An offender characteristic or other circumstance identified in Chapter Five, Part H (Offender Characteristics) or elsewhere in the guidelines as not ordinarily relevant in determining whether a departure is warranted may be relevant to this determination only if such offender characteristic or other circumstance is present to an exceptional degree.

The Application Notes clearly state that this section is only applicable in exceptional cases, and "only if the circumstance is present in the case to an exceptional degree."  U.S.S.G. § 5K2.0, *App. Note 3(C)*.  The circumstances shall be stated with specificity in the statement of reasons form.  <u>Id</u>.  Defendant has not set out with specificity why a departure based on drug abuse applies to defendant.  A review of defendant's criminal history shows he has a number of misdemeanor drug convictions.  However, there is no information before the court that sets out defendant's drug history or how it contributed to his criminal convictions.  In the substance abuse section of the report, defendant does not report that his methamphetamine use contributed to his criminal convictions.  Defendant admits that his heaviest period of methamphetamine use was in the 1990s, while in the custody of the Kansas Department of Corrections.  Defendant does not argue or present evidence to show that his drug use contributed to his criminal history, with the exception of his misdemeanor drug offenses.  Defendant has not shown that his drug use qualifies as an exceptional circumstance under which the court should depart.

IV.  <u>State Sentence</u>

Defendant requests the court reduce his sentence in this case because he was on parole

when he committed this offense, and since he is currently in federal custody, he is not receiving credit for time served. Defendant further requests that this sentence run concurrent to his state sentence.

Whether this sentence is concurrent or consecutive to defendant's state sentence is a matter of discretion for the court to decide. Setser v. United States, 132 S.Ct. 1463, 1468 (2012); U.S.S.G. § 5G1.3(c), and *App. Note 3.(C)*. The Application Notes recommend that a sentence for a new offense be imposed consecutively to the sentence imposed for revocation. Id. If the court was to impose a sentence to run concurrent with defendant's state parole revocation sentence, the effect would be that defendant would not receive any punishment or deterrence for his additional criminal conduct in the state system.

V. Section 3553(a) Factors

Defendant argues that a sentence of 180 months is sufficient to comply with the purposes of sentencing. Defendant does not set forth any articulable facts to support this argument. Section 3553 sets out factors for the court to consider when imposing a sentence. The court should consider the nature and circumstances of the offense, and the history and characteristics of the defendant. The evidence at trial showed the defendant was in a car that was stopped leaving a known drug location. Defendant was not compliant with law enforcement, and engaged in a physical altercation with the officer. Defendant was armed with a loaded firearm at the time. Defendant has a history of criminal offenses that date back to 1990. Based on his criminal convictions, defendant is a criminal history category 6.

The Government believes that a guideline sentence would promote respect for the law. Defendant engaged in serious, dangerous conduct - carrying a loaded firearm, while under the influence of illegal narcotics and fighting with law enforcement officers. Defendant's continuous

criminal convictions show that imprisonment does not deter his criminal conduct.  In considering

the factors in Section 3553, and defendant's history, the factors appear to support a motion for

upward departure rather than a motion for a downward departure.  However, because the

Government believes a sentence within the guideline range is sufficient, a departure motion has

not been filed.

VI.  <u>Conclusion</u>

For the reasons set forth above, the Government requests the court denies defendant's

motion for a departure or variance, and impose a sentence within the guideline range.

Respectfully submitted,

BARRY GRISSOM
United States Attorney

s/ Michelle A. Jacobs
MICHELLE A. JACOBS, #21261
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita Kansas 67202
316-269-6481
Michelle.Jacobs@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 15, 2013, I electronically filed the foregoing with the
Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to
Mr. Steve Gradert, attorney for defendant Troy Bong.

s/ Michelle A. Jacobs
MICHELLE A. JACOBS
Special Assistant United States Attorney

# United States District Court
## District of Kansas

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Troy A. Bong | **JUDGMENT IN A CRIMINAL CASE** |

Case Number:  6:13CR10004 - 001

USM Number:  22944-031

Defendant's Attorney:  Steven Kent Gradert

## THE DEFENDANT:

☐  pleaded guilty to count(s):  ___.

☐  pleaded nolo contendere to count(s) ___ which was accepted by the court.

☒  was found guilty on count 1 of the Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 922(g) and 924(e) | Felon in Possession of a Firearm, a Class A Felony | 12/22/2012 | 1 |

The defendant is sentenced as provided in pages 1 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) ___.

☐  Count(s) ___ is dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of material changes in economic circumstances.

11/18/2013
Date of Imposition of Judgment

s/ Monti Belot
Signature of Judge

Honorable Monti L. Belot, Senior U.S. District Judge
Name & Title of Judge

11/18/13
Date

AO 245B    (Rev. 09/11 - D/KS 08/12)  Judgment in a Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:       Troy A. Bong
CASE NUMBER:   6:13CR10004 - 001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>293 months</u> .

Sentence to run concurrently to any sentence imposed by the State of Kansas.

☐    The Court makes the following recommendations to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district.

☐ at ___ on ___.

☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before ___ on ___.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL


By _____
Deputy U.S.  Marshal

DEFENDANT:      Troy A. Bong
CASE NUMBER:   6:13CR10004 - 001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>3 years</u> .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check if applicable)*

☒      The defendant is prohibited from possessing or purchasing a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check if applicable)*

☒      The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable)*

☐      The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student.  For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted, if such jurisdiction is different from the jurisdiction of residence.  Registration shall occur not later than 3 business days after being sentenced, if the defendant is not sentenced to a term of imprisonment.  The defendant shall, not later than 3 business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which the defendant is registered and inform that jurisdiction of all changes in the information required.  *(Check if applicable)*

☐      The defendant shall participate in an approved program for domestic violence. *(Check if applicable)*

If this judgment imposes a fine or restitution, it is to be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or the probation officer;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   the defendant shall support his or her dependents and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Appellate Case: 13-3301     Document: 01019192259     Date Filed: 01/27/2014     Page: 90

AO 245B      (Rev. 09/11 - D/KS 08/12)  Judgment in a Criminal Case
Sheet 3C — Supervised Release

DEFENDANT:      Troy A. Bong
CASE NUMBER:   6:13CR10004 - 001

# SPECIAL CONDITIONS OF SUPERVISION

1.      The defendant shall successfully participate in an approved program for substance abuse, which may include urine, breath, or sweat patch testing, outpatient and/or residential treatment, and share in the costs, based on the ability to pay. The defendant shall abstain from the use of alcohol and other intoxicants during said treatment program as directed by the Probation Office.

2.      The defendant shall submit his/her person, house, residence, vehicle(s), papers, business or place of employment and any property under the defendant's control to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3.      The defendant is prohibited from possessing or purchasing a firearm, ammunition, destructive device, or any other dangerous weapon.

AO 245B   (Rev. 09/11 - D/KS 08/12)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment – Page **5** of **6**

DEFENDANT:       Troy A. Bong
CASE NUMBER:   6:13CR10004 - 001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the Schedule of Payments set forth in this Judgment.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100 | Waived | Not Applicable |

☐    The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐    The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **Totals**: | $ | $ | |

☐    Restitution amount ordered pursuant to plea agreement $___.

☐    The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options set forth in this Judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine and/or ☐ restitution.

☐ the interest requirement for the  ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11 - D/KS 08/12)  Judgment in a Criminal Case

Sheet 6 — Schedule of Payments

Judgment – Page **6** of **6**

DEFENDANT:      Troy A. Bong
CASE NUMBER:   6:13CR10004 - 001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ☐   Lump sum payment of $___ due immediately, balance due
        ☐ not later than ___, or
        ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B   ☒   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C   ☐   Payment in monthly installments of not less than 5% of the defendant's monthly gross household income over a period
        of ___ years to commence ___ days after the date of this judgment; or

D   ☐   Payment of not less than 10%  of the funds deposited each month into the inmate's trust fund account and monthly
        installments of not less than 5% of the defendant's monthly gross household income over a period of ____ years, to
        commence ___ days after release from imprisonment to a term of supervision;  or

E   ☐   Payment during the term of supervised release will commence within ____ (e.g., 30 or 60 days) after release from
        imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that
        time; or

F   ☒   Special instructions regarding the payment of criminal monetary penalties:

If restitution is ordered, the Clerk, U.S. District Court, may hold and accumulate restitution payments, without distribution, until the
amount accumulated is such that the minimum distribution to any restitution victim will not be less than $25.

Payments should be made to Clerk, U.S. District Court, U.S. Courthouse - Room 259, 500 State Avenue, Kansas City, Kansas 66101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount Joint and Several Amount and
corresponding payee, if appropriate.

| Case Number<br>(Including Defendant Number) | Defendant Name | Joint and Several<br>Amount |
|---|---|---|
| | | |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States.  Payments against any
     money judgment ordered as part of a forfeiture order should be made payable to the United States of America, c/o United
     States Attorney, Attn: Asset Forfeiture Unit, 1200 Epic Center, 301 N. Main, Wichita, Kansas 67202.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-10004-01 MLB |
| | ) | |
| TROY A. BONG, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>NOTICE OF APPEAL</u>**

NOTICE is hereby given that the above-named defendant, Troy A. Bong, hereby appeals to

the United States Court of Appeals for the Tenth Circuit, from the judgment imposed on the 18th

day of November, 2013, filed with the Court on the 18th day of November, 2013, and entered on the

docket the 18th day of November, 2013.

Respectfully submitted,

s/Steven K. Gradert
STEVEN K. GRADERT
KS Sup. Ct. No. 12781
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: steve_gradert@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2013, I electronically filed the foregoing NOTICE OF

APPEAL with the clerk of the court by using the CM/ECF system which will send a notice of

electronic filing to the following:

    Michelle A. Jacobs
    Special Assistant U.S. Attorney
    301 N. Main, Suite 1200
    Wichita, KS  67202

one copy sent U.S. Mail to:

    Troy A. Bong
    c/o Sedgwick County Detention Facility
    141 W. Elm Street
    Wichita, KS 67203

                s/Steven K. Gradert
                STEVEN K. GRADERT
                KS Sup. Ct. No. 12781
                Assistant Federal Public Defender
                Federal Public Defender Office
                301 N. Main, Suite 850
                Wichita, KS 67202
                Telephone: (316) 269-6445
                Fax: (316) 269-6175
                E-mail: steve_gradert@fd.org

## CLERK'S CERTIFICATE

I, TIMOTHY M. O'BRIEN, Clerk of the United States District Court for the District of Kansas, do hereby certify that the foregoing pages are copies of original pleadings, orders, papers and transcripts of the court reporter, in a case lately pending in this court, wherein

|  |  |  |  |
|---|---|---|---|
| USA | ) | | |
| | ) | | |
| | Appellee | ) | |
| | ) | | |
| | ) | | |
| | ) | USDC No.  13-10004-01-MLB | |
| | ) | | |
| vs. | ) | | |
| | ) | USCA No.  13-3301 | |
| | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |
| Troy A. Bong | ) | | |
| | Appellant | ) | |

IN TESTIMONY to the above, I do hereunto sign my name and affix the seal of the Court at ___Wichita___, Kansas this ___27___ day of ___January___, ___2014___.

TIMOTHY M. O'BRIEN, CLERK

By:  s/  A. Merseal
Deputy Clerk